AFFIRM; and Opinion Filed June 3, 2013.

In The
Court of Appeals
Fifth District of Texas at Dallas

No. 05-12-00144-CV

JAMES G. JABLONSKI, Appellant
V.
ANGELA L. JABLONSKI, Appellee

On Appeal from the 303rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF10-12362

## MEMORANDUM OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Murphy

James G. Jablonski, appearing pro se, appeals from his bill of review proceeding in which the trial court rendered a no-evidence summary judgment in favor of Angela L. Jablonski. We affirm.

## BACKGROUND

Appellant, representing himself in the trial court, filed the underlying bill of review proceeding in July 2010, alleging the final judgment entered in his divorce was the result of fraud perpetuated by his former wife, her attorneys, and his own attorneys. Appellee filed a no-evidence motion for summary judgment over a year after appellant filed the bill of review, in November of 2011. As grounds, she asserted appellant had no evidence of extrinsic fraud preventing him from presenting his case in the divorce. Appellant failed to file a response, but filed a motion to compel discovery, which the trial court treated as a response. Attached to

appellant's motion were various unverified statements and papers, an affidavit from his former attorney describing his representation in the divorce proceedings, and an unverified letter from an attorney stating his expert opinion he did not find evidence of extrinsic fraud that prevented appellant from presenting his case at trial on the merits. The trial court granted summary judgment. Appellant timely filed his appeal from that judgment.

Appellant's original appellate brief was deficient in multiple respects, and the Clerk of this Court sent him notice of the deficiencies. We advised appellant his appeal would be dismissed if he did not file an amended brief correcting the deficiencies. He filed a new brief, which still contains deficiencies. In that brief, appellant complains about various aspects of his original divorce proceeding and does not address the summary judgment from which he appeals. Accordingly, he has not presented anything for this Court to review. We affirm the trial court's judgment.

## DISCUSSION

Appellant lists nine issues in his amended brief. None address the only appealable matter—the trial court's judgment on his bill of review proceeding. Those issues are listed as follows:

Issue one, titled "Psychological Evaluation/Mental Incapacity." Appellant describes a motion for psychological evaluation apparently filed in the underlying divorce action and describes his participation in counseling. He ends with the statement, "However, even after James Jablonski completed all the unnecessary treatment that his attorney told him to do, he still never saw his children."

Issue two, titled "Finances/Salaries." Appellant describes his former wife's control of the family finances throughout the divorce and his need for financial help. He ends with the

statement, "Angela Jablonski was the only one who had access and control of all the community assets."

Issue three, titled "Appellant's Debt." Appellant states the trial court "erred in that it never looked at James Jablonski's debt that was not being taken care of by [his former wife]." He adds that his attorneys never requested the court to order appellee to pay his fees and expenses and that he is still in "financial ruin." He ends the issue by referencing his affidavits of indigency.

Issue four, titled "Appellee's Relationships and Connections." In this issue, appellant complains that his former wife had family relationships and connections and "had available to her every possible resource she could want or need."

Issue five, titled "Children, Visitation and Temporary Orders." Appellant complains in this paragraph that he was the main caregiver of the children of the marriage and visitation rights were not handled properly. He ends this paragraph by stating his attorneys failed to provide affidavits or testimony from individuals on his behalf.

Issue six, titled "Protective Order." In this paragraph, appellant complains that the trial court erred in granting a protective order and his attorneys never appealed the decision. He adds that his expert took a look at his case and opined that things went wrong in his divorce.

Issue seven, titled "Appellant's Attorneys." Appellant complains in this paragraph he hired four attorneys in the divorce proceedings and references potential lawsuits he had against certain of the attorneys.

Issue eight, titled "Legal Rights." In this paragraph, appellant references his attorneys again as not performing within the standard of care of board certified attorneys and states they failed to make sure his former wife was accountable and truthful in the underlying divorce proceeding.

Issue Nine, titled "Social History." Appellant questions why a social study was not done in his divorce proceedings.

None of these issues address the no-evidence summary judgment granted by the trial court on appellant's bill of review proceeding. His complaints enumerated above relate to his prior divorce proceeding and his representation in those proceedings. Those issues are not before us on this appeal. Accordingly, appellant has presented nothing for us to review. We affirm the trial court's judgment on the bill of review proceeding.

/Mary Murphy/

MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

120144F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAMES G. JABLONSKI, Appellant

No. 05-12-00144-CV     V.

ANGELA L. JABLONSKI, Appellee

On Appeal from the 303rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-10-12362.
Opinion delivered by Justice Murphy.
Justices Lang-Miers and Fillmore
participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

     It is **ORDERED** that appellee ANGELA L. JABLONSKI recover her costs of this appeal
from appellant JAMES G. JABLONSKI.

Judgment entered this 3rd day of June, 2013.

/Mary Murphy/
_____
MARY MURPHY
JUSTICE